**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIE DEESE, a single woman, | No. 10-17296 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00539-ROS |
| v. | |
| WELLS FARGO BANK, National Association; REEDE REYNOLDS, husband; HEATHER REYNOLDS, wife; UNKNOWN PARTIES, Named as John Does - I-V; UNKNOWN PARTIES, Named as Jane Does - I-V; UNKNOWN PARTIES, Named as Black and White Corporations - I-V, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Chief District Judge, Presiding

Submitted December 8, 2011[**]
San Francisco, California

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: LUCERO,*** CALLAHAN, and N.R. SMITH, Circuit Judges.

Julie Deese appeals the district court's grant of summary judgment in favor of Defendants in her Title VII sex discrimination action. The district court found that (1) Deese did not allege any discriminatory acts that occurred within the 300-day statute of limitations, and (2) the conduct by Reynolds and Wells Fargo did not rise to the outrageous and extreme level required for an intentional infliction of emotional distress claim. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

1. The district court did not err in concluding that Deese's sex discrimination claim was barred by the 300-day statute of limitations, because Deese did not present evidence that (A) discrete acts of disparate treatment or (B) acts contributing to a hostile work environment occurred during the applicable period.

A. With the exception of the November 2007 incident, Deese does not allege any discrete act of disparate treatment which occurred after April 27, 2007. With regard to the November 2007 incident, there is no evidence in this record that this act was based upon discrimination. Deese, in her deposition, testified that three other females had referred cases without recourse. Further, a male

---

*** The Honorable Carlos F. Lucero, Circuit Judge for the Tenth Circuit, sitting by designation.

investigator was reprimanded for the same incident. Therefore, Deese failed to present evidence that a discrete act of discrimination occurred within the 300-day statute of limitations.

B. Deese similarly failed to present evidence of acts contributing to a hostile work environment that occurred during the applicable period. Deese claims that throughout 2007 (1) she was required to go to work on time every day; (2) she was required to do more work and more training that her male counterparts; (3) she was given "crap cases," which would not help her reputation as an investigator; and (4) she was required to have her files looked over by a co-worker. As aptly noted by the district court, "Plaintiff has cited to no evidence that the acts alleged occurred within the relevant time period." Neither this court nor the district court is required to "scour the record in search of a genuine issue of triable fact," *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996). Furthermore, to the extent that Deese cited relevant evidence to us, a general allegation of throughout "2007" does not, without more, suggest when the acts occurred. *See Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1116 (9th Cir. 2003) (holding plaintiff's own statements that discriminatory acts occurred in "late 1998 or 1999," without additional support, were "insufficient to survive a motion for summary judgment"). Therefore, Deese

failed to present evidence that acts contributing to a hostile work environment occurred within the 300-day statute of limitations.

2. The district court did not err in concluding that Deese's treatment by Reynolds and Wells Fargo did not rise to the level of "outrageous and extreme" conduct. While there is no doubt that Deese's treatment by Reynolds was undesirable, it was "not so extreme and outrageous as to be regarded as atrocious and utterly intolerable in a civilized community." *Mintz v. Bell Atl. Sys. Leasing, Inc.*, 905 P.2d 559, 562-63 (Ariz. Ct. App. 1995). Because Deese's treatment by Reynolds was not extreme and outrageous, it cannot be said that the alleged failure to investigate and respond by Wells Fargo was extreme and outrageous. *Id*.

**AFFIRMED.**